■ BARSOTTI'S, INC., Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [680 NYS2d 88] —Order, Supreme Court, New York County (Lewis Friedman, J.),

entered on or about July 10, 1997, which, to the extent appealed from as limited by plaintiff's brief, held that the subject contract barred plaintiff's recovery for alleged extra work that was not ordered or directed, either orally or in writing, by defendant, unanimously modified, on the law, to hold that the conduct of the parties can also evidence a waiver of the contract provisions requiring written authorization or notice of claims, and otherwise affirmed, without costs.

"Under New York law, oral directions to perform extra work, or the general course of conduct between the parties, may modify or eliminate contract provisions requiring written authorization or notice of claims" (*United States v Merritt-Meridian Constr. Corp.*, 890 F Supp 1213, 1220, *affd in relevant part* 95 F3d 153; *see also, Davis Acoustical Corp. v National Sur. Corp.*, 27 AD2d 624; *Austin v Barber*, 227 AD2d 826). Accordingly, we modify the IAS Court's order only to the extent of adding that the course of conduct of the parties should be a subject of the ongoing discovery in addition to whether defendant verbally ordered the alleged extra work. We decline defendant's invitation to search the record and grant it summary judgment since the notice requirement in the instant case is sufficiently distinguishable from the one in *A.H.A. Gen. Constr. v New York City Hous. Auth.* (92 NY2d 20), and since this case involves a private contract (*compare, Huff Enters. v Triborough Bridge & Tunnel Auth.*, 191 AD2d 314, 316-317, *lv denied* 82 NY2d 655). Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.