■ MORELLI MASONS, INC., Appellant, v PETER SCALAMANDRE & SONS, INC., et al., Respondents. [742 NYS2d 6] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 11, 2001, which, inter alia, granted defendants' motion for summary judgment dismissing the third and fourth causes of action, unanimously affirmed, with costs.

In this action by a subcontractor seeking delay damages from its general contractor and payment on the bond with respect to such claim, the motion court properly held that plaintiff had failed to comply strictly with the notice provision in its subcontract, which, while not containing the conditional "unless" language found in the contract in *A.H.A. Gen. Constr. v New York City Hous. Auth.* (92 NY2d 20), specifically provided that the failure to comply with such provision would constitute a waiver of the subcontractor's claim for damages. *Barsotti's, Inc. v Consolidated Edison Co. of N.Y.* (254 AD2d 211), which involved a claim for extra work under a private contract, is distinguishable. In addition, contrary to plaintiff's argument, here there was no clear relinquishment of the right to rely on the contractual provision by an indisputable departure based on a course of conduct or oral agreement (*cf.*, *Austin v Barber*, 227 AD2d 826, 828).

We deem it significant, as did the motion court, that plaintiff

did not comply in any manner with the separate contractual requirement to itemize the costs attributable to the alleged delays, and note that this was also a basis for dismissal. Concur—Andrias, J.P., Sullivan, Wallach, Rubin and Gonzalez, JJ.