■ G. De Vincentis & Son Construction, Inc., Appellant, v City of Oneonta, Respondent. [759 NYS2d 216] —Cardona, P.J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered November 21, 2001 in Otsego County, which, inter alia, partially granted defendant's motion for summary judgment dismissing the complaint.

As a result of plaintiff's successful bid on the Center Street Reconstruction Project in the City of Oneonta, Otsego County, plaintiff and defendant entered into a contract dated June 24, 1998 which specified that the project would be completed by August 21, 1998 and plaintiff would receive $282,016.75. Thereafter, by letters dated August 7 and 11, 1998, plaintiff informed defendant that it had encountered certain conditions requiring work not included in the contract. The conditions resulted in changes to the water service, extra milling and installation of several new driveway aprons. Plaintiff requested additional moneys and an extension of time to complete the project. A meeting was held on August 17, 1998 attended by, among others, defendant's engineer, James Suozzo, and its engineering

administrator, Joseph Bernier. Discussions were conducted and certain of the changes were specifically addressed. On March 19, 1999, plaintiff sent defendant a letter itemizing all outstanding extra costs allegedly incurred on this project and requested an additional $45,599.12. Thereafter, on December 16, 1999, Suozzo sent plaintiff a letter discussing in detail the amounts that plaintiff alleged were outstanding. In the letter, Suozzo, assenting to some of the charges and denying others, indicated that he would approve $15,497 for plaintiff's outstanding claims. On April 12, 2000, plaintiff again requested full payment from defendant.

Plaintiff filed a complaint on December 12, 2000 seeking damages for breach of contract, unjust enrichment, quantum meruit and estoppel based upon, among other things, the extra work on the Center Street project contract. In its answer, defendant cited as a defense plaintiff's failure to meet conditions precedent for payment of the extra work under the contract. Plaintiff subsequently moved for partial summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Defendant submitted an affidavit from Suozzo wherein he stated that the December 16, 1999 letter was not a partial approval of plaintiff's claim, but an offer to settle that was rejected. Supreme Court, among other things, granted defendant's cross motion with respect to all causes of action seeking compensation for the extra work on the Center Street project citing plaintiff's failure to comply with the notice and documentation requirements listed in the contract as conditions precedent. Plaintiff appeals.[1]

Initially, plaintiff maintains that its contract claims should not have been dismissed because defendant, by its conduct, waived its right to insist upon strict compliance with the notice and documentation requirements.[2] Section 109 of the contract, "Changes in the Work," requires that, prior to preparing a written change order, defendant request an itemized proposal from the contractor detailing the desired changes. Section 111, "Claims for Extra Cost," provides that all claims for additional compensation be presented to defendant's engineer within 10 days, except that if the claim is of a continuing nature and notice is not given within 10 days, the claim would only be

1. Plaintiff abandoned any objections to the dismissal of the fourth and fifth causes of action sounding in quantum meruit and unjust enrichment by not raising them in its brief.

2. Although defendant maintains that the waiver issue was not raised before Supreme Court, an examination of plaintiff's bill of particulars reveals the existence of a waiver argument.

considered for the period commencing 10 days prior to the receipt of notice by the engineer. Section 114, "Engineer's Authority," states that the engineer will finally decide all questions relating to the work and construction thereof. Furthermore, "[i]n case any question shall arise between the parties hereto relative to said Contract, the determination or decision of the Engineer shall be a condition precedent to the right of the Contractor to receive any money or payment for work under this Contract affected in any manner or to any extent by such question."

Notably, while defendant produced proof that plaintiff did not comply with all of the provisions of the notice and documentation requirements, the contract did not explicitly require plaintiff to strictly comply with its terms, nor did it include a provision prohibiting estoppel or waiver on the part of the City (see e.g. A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20 [1998]; Tug Hill Constr. v County of Broome, 270 AD2d 755 [2000]; Green Is. Constr. Co. v County of Chenango, 212 AD2d 853, 855-856 [1995], lv denied 86 NY2d 705 [1995]; Huff Enters. v Triborough Bridge & Tunnel Auth., 191 AD2d 314 [1993], lv denied 82 NY2d 655 [1993]). "[F]ailure to give notice compliant in every technical respect" under such contracts has been excused in situations where there is an extensive record of timely written correspondence and contact between the contractor and agency (Huff Enters. v Triborough Bridge & Tunnel Auth., supra at 316; see Amadeus v State of New York, 36 AD2d 873 [1971], appeal dismissed 29 NY2d 634 [1971], lv denied 29 NY2d 486 [1971]; see also Matter of Niagara Frontier Transp. Auth. [Computer Sciences Corp.], 209 AD2d 1009 [1994], lv denied 85 NY2d 804).

Here, we find that plaintiff has raised questions of fact as to whether defendant had actual knowledge of plaintiff's extra work claims and whether defendant, through the conduct of its agents, waived its right to insist upon strict compliance (see Amadeus v State of New York, supra). The record contains proof of plaintiff's submissions, including letters and invoices outlining costs incurred by plaintiff for extra work and the participation of defendant's engineer and engineering administrator in discussions concerning these matters. While defendant attempts to distance itself from the actions of Suozzo, the contract specifically notes that the engineer's approval is a condition precedent to determination of claims. With respect to the December 16, 1999 letter, the City Attorney for defendant, in a reply affidavit, acknowledges that Suozzo, "after a thorough review of the claims made by [plaintiff], pursuant to

his authority under the contract granted by the Common Council of [defendant], made an offer to Plaintiff to resolve this matter." In our view, this representation and the other proof in the record raise questions of fact as to defendant's actual knowledge of the claim, the extent of its agents' authority to act on its behalf, and whether the proof established a waiver of technical compliance with the notice and reporting requirements. Accordingly, we find that summary judgment was improperly granted as to plaintiff's contract claims with respect to the Center Street project.

Given the unresolved factual issues concerning the extent of the authority held by defendant's agents, we deem summary judgment with respect to plaintiff's sixth cause of action seeking to bind defendant to the amounts "approved" by its engineer to be premature.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment dismissing the first, second, third and sixth causes of action; cross motion denied to that extent; and, as so modified, affirmed.