■ PROMO-PRO LTD., Appellant, v LEHRER MCGOVERN BOVIS, INC., Respondent-Appellant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [761 NYS2d 655] —Order and judgment (one paper), Supreme Court, New York County (Karla

Moskowitz, J.), entered July 3, 2002, inter alia, dismissing the complaint and the cross claim and declaring that defendant New York City Housing Authority has no duty to defend and indemnify defendant Lehrer McGovern Bovis, Inc. in the instant action, and bringing up for review orders (three papers), same court and Justice, entered on or about January 22, 2002, which denied plaintiff's motion for summary judgment, granted Lehrer McGovern's motion for summary judgment dismissing the complaint and granted the New York City Housing Authority's motion for summary judgment dismissing Lehrer McGovern's cross claim for indemnification, unanimously affirmed, without costs. Appeals from the January 22, 2002 orders unanimously dismissed, without costs, as subsumed in the appeals from the ensuing judgment. Plaintiff's appeal from an order, same court and Justice, entered June 11, 2002, which, to the extent appealable, denied its motion to renew, unanimously dismissed, without costs, as abandoned.

In this action by a contractor seeking damages for breach of contract and foreclosure of a mechanic's lien, the motion court properly dismissed the complaint for failure to comply with a contractual notice of claim provision. Compliance with the notice of claim provision was an express condition precedent to the contractor's right to bring an action for recovery of change order payments and, under such provision, noncompliance clearly constituted a waiver of its claim. While there was no need for the construction manager to investigate the claim, since it had directed performance, the notice of claim's additional underlying purpose of avoiding the credibility contests that arise in cases of alleged oral modification and waiver of written contract provisions is a significant factor to be considered (see Huff Enters. v Triborough Bridge & Tunnel Auth., 191 AD2d 314, 316-317 [1993], lv denied 82 NY2d 655 [1993]). Contrary to plaintiff's contention, the provision at issue was unlike that in Barsotti's, Inc. v Consolidated Edison Co. (254 AD2d 211 [1998]), which neither mandated strict compliance nor set forth the consequences of noncompliance (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20 [1998]; Morelli Masons v Scalamandre & Sons, 294 AD2d 113 [2002]). There was no basis to distinguish the instant contract for public improvement, where the public agency was the owner but not a party to the contract, from those in which the public entity is a party with respect to the public policy underlying the notice of claim requirement.

The New York City Housing Authority was not, as part of its implied contractual obligation of good faith and fair dealing,

required to act affirmatively to safeguard the construction manager's right to contractual indemnification. Accordingly, the motion court correctly determined that there was no issue of fact as to whether the Authority had acted in bad faith in issuing oral directives, rather than written ones that could have triggered indemnification rights.

In view of the foregoing we need not, and do not, address plaintiff's arguments regarding the construction manager's primary liability (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148 [1995]). We also decline to address its academic argument regarding implied indemnification.

We have considered appellants' other arguments for affirmative relief and find them unavailing. Concur—Andrias, J.P., Sullivan, Ellerin, Williams and Lerner, JJ.