■ Abax, Incorporated, Appellant, v Lehrer McGovern Bovis, Inc., Respondent. (And Other Actions.) [778 NYS2d 149]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 30, 2003, which, to the extent appealable, denied plaintiff's motion to renew its opposition to portions of defendant's motion for summary judgment granted in the order of the same court and Justice entered May 16, 2003, unani-

mously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to renew granted, and, upon renewal, defendant's motion denied with respect to claims F, G, I2, I3, J, K, T1 through T3, W, Y, BB2 and CC, and otherwise granted in accordance with the May 16, 2003 order. Appeal from the May 16, 2003 order unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

Under the particular circumstances presented, we exercise our discretion to grant renewal (*see Mejia v Nanni*, 307 AD2d 870 [2003]). The documentation submitted on the motion to renew establishes that the contract manager received notice of claims G, J, Y, BB2 and CC within 20 days of their actual accrual dates in accordance with the requirements of section 25 of the subject contract and, accordingly, that these claims were timely interposed. In addition, bearing in mind that section 25 notice does not require a computation of damages, we find that triable factual issues have been raised as to whether claims F, I2, I3, K, T1 through T3, and W should be permitted since the documents submitted with respect to those claims show that defendant was afforded sufficient notice of the contractor's intention to file the claims and of the conditions from which they arose, and provided sufficient data to allow a determination of their amount. We note as well that claims I2 and I3, and claim J are in any event sustainable as against defendants' motion seeking their dismissal as time-barred, upon the ground that they state cognizable requests for relief pursuant to sections 30 and 17 of the contract, respectively, and thus are not subject to the notice of claim time limitations of section 25. Since the above-enumerated claims had been the subject of sufficient correspondence to make them well known to the contract manager, complete technical compliance with the notice of claim requirements was not necessary (*see e.g. Whitmyer Bros. v State of New York*, 63 AD2d 103 [1978], *affd* 47 NY2d 960 [1979]). Concur— Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.