■ Trataros Construction, Inc., Respondent, v New York City Housing Authority, Appellant, et al., Defendants. [823 NYS2d 534]—

In an action to recover payment for work performed on a public improvement project, the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated December 10, 2004, as granted that branch of the plaintiff's motion which was for leave to serve a second amended complaint adding a proposed 13th cause of action, and denied that branch of its cross motion which was to dismiss the 8th cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was to dismiss the 8th cause of action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In May 1994 the defendant New York City Housing Authority (hereinafter the Housing Authority) awarded the plaintiff a contract to perform "structural and water intrusion repairs" at the Williamsburg Houses, a large public housing development of historic significance constructed in the 1930's. Although the project was originally anticipated to be completed by July 5, 1999, it was not actually completed until December 2002 due to

delays allegedly caused by the Housing Authority. During the construction, the plaintiff commenced this action against the Housing Authority, inter alia, to recover additional compensation for alleged extra work which was not required by the parties' contract. Following the completion of the project, the plaintiff moved, among other things, for leave to serve a second amended complaint adding a proposed 13th cause of action to recover damages for the increased costs it incurred due to the delay in performing its work. The Housing Authority opposed the plaintiff's motion and cross-moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the first amended complaint.

On appeal, the Housing Authority contends that the Supreme Court erred in denying that branch of its cross motion which was pursuant to CPLR 3211 (a) (1) to dismiss the plaintiff's 8th cause of action, seeking compensation for alleged extra work consisting of welding corner window sills. We agree. A motion to dismiss a cause of action on the ground that it is barred by documentary evidence pursuant to CPLR 3211 (a) (1) may be appropriately granted "where the documentary evidence utterly refutes plaintiff's factual allegations," and conclusively establishes a defense to the asserted claim as a matter of law (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *see Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Sheridan v Town of Orangetown,* 21 AD3d 365 [2005]; *Klein v Gutman,* 12 AD3d 417 [2004]). In cross-moving, inter alia, to dismiss the 8th cause of action, the Housing Authority relied upon documentary evidence consisting of the contract and contract addendums. The fabrication provisions of the contract unambiguously required the plaintiff to weld corner window sills, and this requirement was not obviated or superseded by subsequent addendums which additionally required the plaintiff to caulk the perimeter of window sills. Accordingly, the plaintiff is not entitled to recover additional compensation for the welding of corner window sills, and the Supreme Court should have dismissed the 8th cause of action (*see Three Bros. Roofing Contrs. v New York City Hous. Auth.,* 269 AD2d 523 [2000]; *Lake Constr. & Dev. Corp. v City of New York,* 211 AD2d 514 [1995]).

However, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to serve a second amended complaint asserting a proposed 13th cause of action to recover damages for the increased costs it incurred due to the delay in performing its work. Leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit, and will not prejudice or surprise the opposing

party (*see Surgical Design Corp. v Correa,* 31 AD3d 744 [2006]; *Melendez v Bernstein,* 29 AD3d 872 [2006]; *Emilio v Robison Oil Corp.,* 28 AD3d 417 [2006]). Here, while the parties' contract contained a no-damages-for-delay clause, such clauses may not be invoked to bar damages for (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract (*see Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297 [1986]; *Bovis Lend Lease LMB v GCT Venture,* 6 AD3d 228 [2004]; *Tougher Indus. v Northern Westchester Joint Water Works,* 304 AD2d 822 [2003]). Since the plaintiff alleged facts indicating that one or more of these recognized exceptions to the enforcement of the no-damages-for-delay clause may exist, the proposed 13th cause of action may not, at this juncture, be deemed palpably insufficient or patently devoid of merit. Furthermore, we reject the Housing Authority's contention that the record conclusively established that the proposed cause of action was barred by the plaintiff's failure to provide timely notice of its claim in accordance with the requirements of the contract (*see Abax, Inc. v Lehrer McGovern Bovis, Inc.,* 8 AD3d 92 [2004]; *G. De Vincentis & Son Constr. v City of Oneonta,* 304 AD2d 1006 [2003]; *Clifford R. Gray, Inc. v City School Dist. of Albany,* 277 AD2d 843 [2000]). Finally, we note that no prejudice or surprise was claimed by the Housing Authority. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.