SOUTHEAST MECHANICAL CORP., Respondent, v BOARD OF EDUCATION OF CARMEL CENTRAL SCHOOL DISTRICT, Appellant. [854 NYS2d 481]—

In November 2003 the plaintiff (hereinafter the contractor) contracted with the defendant to provide heating, ventilation, and air conditioning work in several of the defendant's buildings. The contract included an alternate dispute mechanism by which the contractor was required to notify the project's architect, in writing, of any claim within 21 days after it first recognized, or reasonably should have recognized, the condition giving rise to the claim, and provided that compliance with this provision was a condition precedent to litigation being commenced.

An alternate dispute resolution mechanism that authorizes, as in the instant case, claims to be decided by the project's architect, is generally enforceable so long as there is a judicial review mechanism available (*see Westinghouse Elec. Corp. v New York City Tr. Auth.,* 82 NY2d 47, 50 [1993]). However, we reject the defendant's contention that, on this record, it has been conclusively established that the complaint should be dismissed due to the contractor's alleged failure to provide timely notice of its claim in accordance with the requirements of the contract (*see Trataros Constr., Inc. v New York City Hous. Auth.,* 34 AD3d 451, 453 [2006]; *Abax, Inc. v Lehrer McGovern Bovis, Inc.,* 8 AD3d 92, 93 [2004]; *National States Elec. Corp. v City of New York,* 225 AD2d 745, 748 [1996]; *Safway Steel Prods. v Craft Architectural Metals Corp.,* 183 AD2d 452 [1992]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.