■ NORTHGATE ELECTRIC CORP., Respondent, v BARR & BARR, INC., Appellant, et al., Defendants. [877 NYS2d 36]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 29, 2008, which, insofar as appealed from, denied the motion of defendant-appellant construction manager (defendant) to dismiss plaintiff subcontractor's complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter a judgment dismissing the complaint as against defendant Barr & Barr, Inc.

The action is barred by the release clause contained in the parties' April 2006 settlement agreement, which provides that "[i]n consideration for the issuance of this global change order, [plaintiff] waives and releases [defendant] from any and all claims and change order requests which were submitted or could have been submitted prior to 11/01/05." The claim made herein, which is one for delay that admittedly existed as of the August 2004 date by which plaintiff's work was originally scheduled to be completed, but was not made until June 2007, is covered by the word "claims" in the release. We reject plaintiff's argument that under the rule of ejusdem generis, the general word "claims" is limited by the specific words "change order requests," such that, as plaintiff's principal asserts was his intention, the release covers only the change order requests considered in the mediation that resulted in the settlement agreement. To read the release as plaintiff urges would be to render the word "claims" a nullity. If plaintiff had wished to except its delay claim from the release, it should have included plain language to that effect in the release. It does not avail plaintiff that it did add such language to its June 2006 partial waiver of lien and November 2006 final waiver of lien, as it could not thus unilaterally change the previously executed settlement agreement. Given the clarity of the release, the motion court should not have considered the affidavit of plaintiff's principal asserting his intention to release only the change order requests submitted to the mediator (*see Kass v Kass*, 91 NY2d 554, 566 [1998]; *E. Lee Martin, Inc. v Saks & Co.*, 30 AD3d 1139 [2006]), and that he signed the release without reading it or fully comprehending its significance (*Collins v E-Magine*, 291 AD2d 350, 351 [2002], *lv denied* 98 NY2d 605 [2002]), and without representation of counsel (*Booth v 3669 Delaware*, 92 NY2d 934 [1998], *affg* 242 AD2d 921 [1997]). We would add that the motion court incorrectly relied on *Barsotti's, Inc. v Consolidated Edison Co. of N.Y.* (254 AD2d 211 [1998]) in finding an issue of fact as to whether defendant had waived the subcontract's requirement that plaintiff give it written notice of "a claim of any nature whatsoever against [it]" within 15 days "of the occurrence of the event or documentation upon which such claim is based." *Barsotti's* did not involve a condition

precedent-type notice provision setting forth the consequences of a failure to strictly comply (*see Promo-Pro Ltd. v Lehrer Mc-Govern Bovis*, 306 AD2d 221, 222 [2003], *lv denied* 100 NY2d 628 [2003], distinguishing *Barsotti's* and citing, inter alia, *A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20 [1998]). Here, the 15-day notice clause provides that "[i]n default of such notice the claim is waived." Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ. [*See* 2008 NY Slip Op 32955(U).]