(March 16, 2010)

■ PENAVA MECHANICAL CORP., Plaintiff, v AFGO MECHANICAL SERVICES, INC., et al., Defendants. ABSOLUTE ELECTRICAL CONTRACTING, INC., Counterclaim Plaintiff-Appellant, v UNIQLO USA INC. et al., Counterclaim Defendants-Respondents. (And Another Action.) [896 NYS2d 349]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered February 9, 2009, which granted the motions of counterclaim defendants Uniqlo USA Inc. (Uniqlo) and Richter & Ratner Contracting Corp. (R&R) for summary judgment dismissing the counterclaims asserted against them by Absolute Electrical Contractors, Inc. (Absolute), and denied Absolute's motion for summary judgment as to liability on such counterclaims, unanimously modified, on the law, to deny Uniqlo's and R&R's motions for summary judgment, and otherwise affirmed, without costs.

Even assuming that the no-oral-modification clause of the prime contract between R&R as general contractor and Uniqlo as owner was incorporated into the subcontract between R&R and Absolute, and/or that the subcontract itself contains an effective no-oral-modification clause, "[u]nder New York law, oral directions to perform extra work, or the general course of conduct between the parties, may modify or eliminate contract provisions requiring written authorization or notice of claims" (*Barsotti's, Inc. v Consolidated Edison Co. of N.Y.*, 254 AD2d 211, 212 [1998]). Here, R&R's representatives testified at their depositions that R&R directed Absolute to work overtime during the last three weeks of the project and had agreed to pay for this premium time over and above the contract price, as they had paid for other overtime throughout the project. R&R's project manager also testified that during this time R&R instructed Absolute not to bother with the "tickets" that were usually prepared by Absolute for such extra work and formed the basis for change orders issued by R&R, but to just get the work done. Given this testimony, R&R cannot argue, at least for present purposes, that it did not have to pay for this overtime because there were no written tickets or change orders covering the three-week period.

The no-waiver provision of the subcontract does not avail R&R, as Absolute is not claiming R&R waived its right to enforce the no-oral-modification clause by making other payments. Rather, Absolute is claiming that R&R waived such right by directing it to perform overtime work and not to bother with the tickets. Nor may R&R rely on the no-damages-for-delay clause, as Absolute is not seeking to recover damages caused by delay but rather to be paid for the overtime that R&R directed

and for which it agreed to pay. In fact, R&R admits that it substituted overtime payment in lieu of an extension of time to finish the work, an extension to which Absolute would otherwise have been entitled since the delay, and Absolute's resulting need for additional time to complete its work, was not Absolute's fault.

The documentation submitted by R&R does not conclusively establish that R&R fully paid Absolute for all of Absolute's legitimate overtime work during the three-week period, and an issue of fact is presented as to whether Absolute received the compensation it was promised. Nor does the last partial lien waiver establish that Absolute had waived any further claim for payment. R&R does not dispute that Absolute was required to sign these waivers whenever it received partial payment, and, as demonstrated by the fact that payments were made after waivers were given for work performed before the waivers, the parties treated the waivers as mere receipts of the amounts stated in the waivers, not as complete waivers of all claims to that point (*see West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250, 251-252 [2001]; *Orange Steel Erectors v Newburgh Steel Prods.*, 225 AD2d 1010, 1012 [1996]). That this was the last waiver, executed after the project was complete and after Absolute had made a claim for additional payment that was rejected by R&R and Uniqlo, does not transform it into a waiver clearly meant to waive any further claim (*see West End*, 286 AD2d at 252 ["(t)he intent to waive a right must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act"]). The language of this last waiver is the same as the other waivers, and two other waivers were also executed after completion of the project and after Absolute had sought and been denied the additional payment it seeks. Thus, it is clear that R&R was not treating these waivers as final and complete waivers of any further claims.

The court also improperly shifted the burden of proof on Uniqlo's motion for summary judgment, finding that the claim against Uniqlo should be dismissed because Absolute failed to demonstrate that Uniqlo still owed money to R&R at the time Absolute filed the lien (citing, inter alia, *Timothy Coffey Nursery/Landscape v Gatz*, 304 AD2d 652, 653-654 [2003] ["the rights of a subcontractor are derivative of the rights of the general contractor and a subcontractor's lien must be satisfied out of funds due and owing from the owner to the general contractor at the time the lien is filed," an issue on which subcontractor bears the burden (internal quotation marks omitted)]). On a motion for summary judgment, however, it is the proponent

who bears the initial burden of coming forward with evidence showing prima facie entitlement to judgment as a matter of law, and, unless that burden is met, the opponent need not come forward with any evidence at all (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, while defendants cite some 200 pages of the record, including certain payments, they do not attempt to explain how these documents demonstrate that *full payment* to R&R had been made by Uniqlo prior to the filing of the lien, or ever. Thus, defendants failed to meet their initial burden, and an issue of fact exists in this regard (*see Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550, 552 [1989]; *Ebert v Van-Mar Developers*, 111 AD2d 495, 496 [1985]).

However, contrary to Absolute's assertion, it is not entitled to summary judgment in its favor, as an issue of fact exists as to whether it was fully paid by R&R for the amount of actual overtime worked during the three-week period in question. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ.