■ Peter Scalamandre & Sons, Inc., Respondent-Appellant, v FC 80 Dekalb Associates, LLC, et al., Appellants-Respondents. [12 NYS3d 133]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 11, 2013, as denied those branches of their cross motion which were for summary judgment dismissing the second and third causes of action of the second amended complaint, and the fourth cause of action of the second amended complaint to the extent of reducing the amount of a mechanic's lien dated June 21, 2010, and the plaintiff cross-appeals from so much of the same order as denied its motion for summary judgment on the second and fourth causes of action of the second amended complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant FC 80 Dekalb Associates, LLC (hereinafter Dekalb), is the owner of a 34-story residential tower in Brooklyn. Pursuant to a trade contract dated May 13, 2008, the plaintiff, Peter Scalamandre & Sons, Inc., agreed to furnish and install the concrete superstructure for the project. The

plaintiff commenced this action against Dekalb to recover damages for breach of contract, and filed a mechanic's lien on the subject property in the sum of $3,494,555. Dekalb's surety filed a bond discharging the lien, and the plaintiff amended the complaint to add the surety as a defendant. The second and third causes of action of the second amended complaint, which are relevant here, sought recovery for certain additional work allegedly directed by Dekalb and for expenses occasioned by delays attendant to that work. The fourth cause of action of the second amended complaint sought foreclosure of the mechanic's lien.

The plaintiff moved for summary judgment on the second and fourth causes of action of the second amended complaint in the sum of $639,110.40, relying on the contractual unit price fixed for additional reinforcing steel bars (hereinafter rebar) and a document prepared by a structural engineer which calculated the amount of extra rebar required on the project. The defendants cross-moved, inter alia, for summary judgment dismissing the second and third causes of action of the second amended complaint, and the fourth cause of action of the second amended complaint to the extent of reducing the mechanic's lien to the amount sought by the plaintiff in the first cause of action of the second amended complaint. The defendants contended that the plaintiff waived recovery pursuant to the second and third causes of action of the second amended complaint, and full recovery pursuant to the fourth cause of action of the second amended complaint, by failing to comply with the notice of claim procedures set forth in article 8 of the General Conditions of the contract and by executing a mechanic's lien waiver dated July 6, 2010. The Supreme Court denied the motion and the cross motion. The defendants appeal and the plaintiff cross-appeals.

Where a construction contract contains "a condition precedent-type notice provision setting forth the consequences of a failure to strictly comply," strict compliance will be required (*Northgate Elec. Corp. v Barr & Barr, Inc.*, 61 AD3d 467, 468-469 [2009]; *see A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20 [1998]; *Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d 1394, 1396-1397 [2011]; *Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.*, 16 AD3d 813 [2005]; *Promo-Pro Ltd. v Lehrer McGovern Bovis*, 306 AD2d 221 [2003]; *Morelli Masons, Inc. v Peter Scalamandre & Sons*, 294 AD2d 113 [2002]). Here, Article 8 of the General Conditions of the contract contains such a condition-precedent type notice provision, providing that the plaintiff's failure to give written notice

of a claim and detailed statements of the claim within the time specified shall constitute a waiver of such claim. The plaintiff concedes that it did not strictly comply with the notice provisions of article 8. It contends, however, that its claims for extra work and delay damages asserted in the second and third causes of action are claims for "work ordered pursuant to Article 4" and, thus, are not subject to the specific notice requirements and waiver provisions of article 8.

Although the contract required that changes to the work be authorized by the owner by written change order, " '[u]nder New York law, oral directions to perform extra work, or the general course of conduct between the parties, may modify or eliminate contract provisions requiring written authorization or notice of claims' " (*Barsotti's, Inc. v Consolidated Edison Co. of N.Y.*, 254 AD2d 211, 212 [1998], quoting *United States for Use & Benefit of Evergreen Pipeline Constr. Corp., Inc. v Merritt-Meridian Constr. Corp.*, 890 F Supp 1213, 1220 [SD NY 1995], *affd in relevant part* 95 F3d 153 [2d Cir 1996]; *see Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d 493 [2010]). Provisions requiring written authorization for extra work are waived where "the conduct of the parties demonstrates an indisputable mutual departure from the written agreement and the changes were clearly requested by [the owner] and executed by [the contractor]" (*Austin v Barber*, 227 AD2d 826, 828 [1996]; *see DHE Homes, Ltd. v Jamnik*, 121 AD3d 744 [2014]; *CNP Mech., Inc. v Allied Bldrs., Inc.*, 84 AD3d 1748 [2011]; *Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc.*, 64 AD3d 565, 575 [2009]; *Tridee Assoc. v New York City School Constr. Auth.*, 292 AD2d 444 [2002]). Here, the defendants failed to submit evidence concerning the parties' course of conduct pertaining to written work change orders. Accordingly, they failed to meet their prima facie burden of establishing that the strict notice of claim provisions of article 8 applied to the subject claims (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Alternatively, the defendants contend that, even if Article 4, referable to work change orders, applied to these claims, the plaintiff waived them by failing to comply with the notice of claim provision in article 4. However, the notice of claim provision in Article 4 is not a condition-precedent type notice provision setting forth the consequences of a failure to strictly comply. Thus, substantial compliance with the notice provision will suffice (*see Southeast Mech. Corp. v Board of Educ. of Carmel Cent. School Dist.*, 49 AD3d 858 [2008]; *Trataros*

*Constr., Inc. v New York City Hous. Auth.*, 34 AD3d 451 [2006]; *Abax, Inc. v Lehrer McGovern Bovis, Inc.*, 8 AD3d 92 [2004]; *G. De Vincentis & Son Constr. v City of Oneonta*, 304 AD2d 1006 [2003]; *Clifford R. Gray, Inc. v City School Dist. of Albany*, 277 AD2d 843, 846 [2000]). Substantial compliance will be found where there is sufficient correspondence between the parties to give the owner actual notice of the claims (*see Abax, Inc. v Lehrer McGovern Bovis, Inc.*, 8 AD3d 92 [2004]; *G. De Vincentis & Son Constr. v City of Oneonta*, 304 AD2d 1006 [2003]; *Clifford R. Gray, Inc. v City School Dist. of Albany*, 277 AD2d at 846). The defendants failed to meet their prima facie burden of establishing that Dekalb did not have timely actual notice of the plaintiff's claims sufficient to satisfy the notice of claim provision in article 4 (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Additionally, the record reflects that the mechanic's lien waiver dated July 6, 2010, was treated by the parties as a mere receipt of the amounts stated, and that the waiver was not intended to encompass or preclude claims that the plaintiff subsequently presented to the defendants for additional work. The defendants, on their motion, failed to demonstrate that the parties treated the waiver otherwise (*see Global Precast, Inc. v Stonewall Contr. Corp.*, 78 AD3d 432 [2010]; *Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d at 495; *Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc.*, 64 AD3d at 578; *E-J Elec. Installation Co. v Brooklyn Historical Socy.*, 43 AD3d 642 [2007]; *West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250, 252 [2001]; *Orange Steel Erectors v Newburgh Steel Prods.*, 225 AD2d 1010 [1996]). Accordingly, the Supreme Court properly denied those branches of the defendants' cross motion which were for summary judgment dismissing the second and third causes of action of the second amended complaint, and the fourth cause of action of the second amended complaint to the extent of reducing the mechanic's lien.

In light of the existence of triable issues of fact regarding the plaintiff's waiver of its claims, the Supreme Court also properly denied the plaintiff's motion for summary judgment on the second and fourth causes of action of the second amended complaint. Moreover, the plaintiff failed to demonstrate that Dekalb should be bound by the structural engineer's calculation of the amount of rebar required on the project (*see generally Loschiavo v Port Auth. of N.Y. & N.J.*, 58 NY2d 1040, 1041 [1983]).

Finally, since the defendants have viable counterclaims to re-

cover damages for the plaintiff's alleged breach of contract arising from the same transaction, the award of summary judgment to the plaintiff on the second and fourth causes of action of the second amended complaint would be improper (*see Hayward Baker, Inc. v C.O. Falter Constr. Corp.*, 104 AD3d 1253 [2013]; *Yoi-Lee Realty Corp. v 177th St. Realty Assoc.*, 208 AD2d 185, 189 [1995]). Eng, P.J., Hall, Cohen and Barros, JJ., concur.