Misty Cleaning Service Inc., Plaintiff,

against
Independent Group Home Living Program, Inc., Defendant.


616237-16

O'HARE PARNAGIAN LLP
Attorneys for Plaintiff
20 Vesey Street, Suite 300
New York, New York 10007
EGAN & GOLDEN, LLP
Attorneys for Defendant
96 South Ocean Avenue
Patchogue, New York 11772


Elizabeth H. Emerson, J.

Upon the following papers read on these motionsfor summary judgment ; Notice of Motion and supporting papers 28-51; 52-80 ; Notice of Cross Motion and supporting papers[*2]; Answering Affidavits and supporting papers 81-83; 84 ; Replying Affidavits and supporting papers85; 86 ; Other 87-89 ; it is,
ORDERED that the motion by the defendant for summary judgment is denied; and it is further 
ORDERED that the motion by the plaintiff is granted to the extent of awarding summary judgment to the plaintiff on the first cause of action on the issue of liability and dismissing the second and third counterclaims; and it is further
ORDERED that the plaintiff's motion is otherwise denied.
The plaintiff, Misty Cleaning Services Inc. ("Misty"), is a full-service cleaning company that operates in Nassau and Suffolk Counties. The defendant, Independent Group Home Living Program, Inc. ("Independent"), is a not-for-profit corporation that provides services to people with intellectual disabilities including, inter alia, community-based residential homes and day-program services. In August 2015, Independent solicited proposals for the cleaning and maintenance of certain of its facilities. Misty sent a proposal to Independent on October 22, 2015. Independent accepted Misty's proposal for five of its buildings and for its day-program facilities. Misty began performing cleaning services pursuant to the parties' agreement on November 2, 2015, although a written contract was not executed until January 12, 2016. The written agreement provides, in pertinent part, as follows: 
"4.1 The terms of this Agreement shall be for FIVE (5) years from [November 2, 2015] and shall be automatically extended and renewed on each anniversary date on the same terms and conditions, unless either party shall give written notice, as described herein, of termination at thirty (30) days prior to such anniversary date. If timely notice is given for termination, this Agreement shall expire at midnight of the anniversary date. Otherwise, this Agreement may only be terminated for non-performance as set below.
"4.2 Non-performance is defined as the failure, neglect or refusal to perform any act stipulated under this Agreement as outlined in the Cleaning Schedule attached. Before any termination for non-performance is effective, the terminating party must give the other party written notice, as described herein, specifying in detail the nature of any defect or failure in performance. Upon the effective date of receipt of notice of non-performance, MISTY CLEANING SERVICES, INC. at its election, shall have thirty (30) days in which to cure the defect in performance to the reasonable satisfaction of Client. In the event the defect is not satisfactorily cured at the end of the thirtieth (30th) day from the effective date of such notice, the terminating party shall provide written notification as described herein to the non-terminating party of the failure to satisfactorily cure the defect. This Agreement shall then terminate thirty (30) days from the date of the second notice.
"4.3 In the event Client terminates this agreement for any reason other than non-performance, as described above, Client agrees to pay, as liquidated damages, an amount equal to the total minimum sum stated in the Pricing Schedule multiplied by the number of months remaining under this Agreement.
"4.4 All notices between Client and MISTY CLEANING SERVICES, INC. shall be in [*3]writing. Any notice shall be deemed duly served if such notice is deposited, postpaid and certified with the United States Postal Service, or a recognized common parcel courier providing express, receipted delivery to the address as stated in Section 2.1 herein for MISTY CLEANING SERVICES, INC. or to the address stated on the signature page of this Agreement for Client. All other notices, including notices personally delivered to individuals performing services under this agreement, shall be ineffective."
The address for Misty in section 2.1 of the agreement is One Neil Drive, Farmingville, NY 11738. 

On February 19, 2016, Misty's President, Joseph Lombardi met with Judi Pirozzi, the Director of Independent's Opportunity Center, to discuss changes in the cleaning schedule. Independent contends that it was receiving complaints from its staff about Misty's cleaning services and that Misty's performance had resulted in dirty or unsanitary conditions. Misty agreed to provide additional services, beyond what the parties' agreement required, by increasing the frequency of dusting, by cleaning the stairwells twice a week, by scrubbing the hallway floors monthly, and by scrubbing the bathroom tile and grout monthly, among other things. Joseph Lombardi memorialized the changes to which they agreed in an email to Pirozzi that was copied to Frank Lombardi, Independent's Corporate Compliance Officer ("CCO).
On February 22, 2016, Frank Lombardi sent the following email to Joseph Lombardi:
"Joe, I'm extremely disappointed! I thought I made myself very clear on Friday what our expectations are and I come in today to find out that the garbage was not removed from the upstairs kitchen in accounting. This is unacceptable! How can we expect that you can follow a schedule when your crew cannot complete the simple task of taking out the trash! In accordance with our agreement dated October 22, 2015 paragraph 4.2 you can expect a 30 day notice of termination on March 1st unless ALL of the issues that have been brought to your attention have been corrected. I feel that we have been more than patient and have afforded Misty every opportunity to work through these issues yet they have become a daily occurrence. [Independent] entered into this agreement in good faith and expect our vendors to do the same. Our consumers and employees deserve a clean and safe environment each and every day and we have failed to provide that. I am certain that you will want to meet in person to discuss this matter so let me know when you are available."
The two met with Chris Campoverde, Independent's Director of Maintenance, on or about Memorial Day weekend 2016. Frank Lombardi explained to Joseph Lombardi that, if Misty failed to remedy the ongoing problems that had been raised at the February 2016 meeting, he would have to terminate their agreement. On July 6, 2016, Frank Lombardi sent the following letter to Joseph Lombardi:
"On February 22, 2016, Independent Group Home Living Program, Inc. ('IGHL') provided Misty Cleaning Services, Inc. ('Misty Cleaning') with written notice of its intent to terminate the Maintenance Agreement pursuant to Article 4.2 based on Misty [*4]cleaning's non-performance. In excess of thirty (30) days has passed since this notice and Misty Cleaning has failed to cure the defects in its performance. "Accordingly, this letter is notice that the Maintenance Agreement will terminate effective September 1, 2016 in light of Misty Cleaning non-performance and failure to cure. IGHL has extended the termination date past thirty (30) days as a courtesy to Misty Cleaning. Notwithstanding, the termination date with respect to the Administration Building, located at 221 North Sunrise Service Road, Manorville, New York will be effective August 1, 2016. Payment to Misty Cleaning from August 1 forward will be adjusted accordingly, and will cease for services provided after September 1, 2016."
Misty commenced this action against Independent on October 11, 2016. The complaint contains two causes of action. The first, for breach of contract, alleges that Independent breached the notice provisions of the parties' agreement, and the second seeks to recover attorney's fees pursuant to § 5.1 of the parties' agreement. Independent counterclaimed for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and attorney's fees. Discovery is now complete, and both sides move for summary judgment. 
Independent moves for summary judgment on its first counterclaim for breach of contract, for a judgment declaring that it abided by the notice and termination provisions of the parties' agreement, and for a judgment declaring that the liquidated-damages clause of the agreement is unenforceable.
The court notes that Independent has not asserted any counterclaims for declaratory relief. However, summary judgment may be awarded on an unpleaded cause of action if the proof supports such a cause of action and the opposing party has not been misled to its prejudice (Weinstock v Handler, 254 AD2d 165, 166). Independent's submissions do not support a cause of action for a judgment declaring that it abided by the notice and termination provisions of the parties' agreement.
As a general rule, the terms of a written agreement define the rights and obligations of the parties to the agreement (Abiele Contracting, Inc. v New York City School Construction Authority, 91 NY2d 1, 9). The fundamental objective when interpreting a written contract is to determine the intention of the parties as derived from the language employed in the contract (Id.). When the parties have agreed to conduct themselves in accordance with the rights and duties expressed in a contract, the court should strive to give a fair and reasonable meaning to the language used (Id. at 9-10). Courts may not by construction add or excise terms, nor distort the meaning of those used, and thereby make a new contract for the parties under the guise of interpreting the writing (see, Reiss v Financial Performance Corp., 97 NY2d 195, 199).
Section 4.2 of the parties' agreement required Independent to give Misty 30 days' notice to cure any non-performance under the agreement. The notice-to-cure had to be in writing and served on Misty by certified mail or by a recognized common-parcel courier providing express, receipted delivery to the Farmingville address specified in the agreement. Moreover, the notice had to specify in detail the nature of any defect or failure in performance. Section 4.2 of the agreement required Independent to give Misty an additional 30 days' notice of termination if Misty failed to cure the defect or failure in performance. It is the notice-to-cure that is at issue. Independent contends that its February 22, 2016, email to Misty was sufficient to satisfy the [*5]notice-to-cure provision of the parties' agreement. 
Under New York law, strict compliance with contractual notice provisions need not be enforced when the adversary party does not claim the absence of actual notice or prejudice by the deviation (RKI Constr., LLC v WDF Inc., US Dist Ct, EDNY, Apr. 3, 2017, Matsumoto, J. [2017 WL 1232441] at *5 [and cases cited therein]). However, when a contract contains a condition-precedent-type notice, strict compliance will be required (Id.). A condition-precedent-type notice provision sets forth the consequences of a failure to strictly comply (Peter Scalamandre & Sons, Inc. v FC 80 DeKalb Assoc., LLC, 129 AD3d 807, 808 [and cases cited therein])
Contrary to Independent's contentions, section 4.2 of the parties' agreement is a condition-precedent-type notice provision. It provides, "Before any termination for non-performance is effective, the terminating party must give the other party written notice, as described herein . . . ." Despite the absence of words such as "if," "on condition that," "provided that," "in the event that," or "subject to" (see, RKI Constr., LLC v WDF Inc., supra at *6), the language is clearly conditional and sets forth the consequences of a failure to strictly comply therewith, i.e., the termination will be ineffective. Strict compliance was, therefore, required. The February 22, 2016, email failed to comply with the agreement's notice provisions in that it was not properly addressed and mailed, nor did it specify in detail the nature of the alleged defects or failures in performance. Accordingly, summary judgment is denied on Independent's unpleaded counterclaim for a judgment declaring that it abided by the notice and termination provisions of the parties' agreement. 
Independent also seeks a judgment declaring that the liquidated-damages clause of the parties' agreement is unenforceable. The court finds that the liquidated-damages clause is inapplicable.
Section 4.3 of the parties' agreement provides that Independent will pay Misty liquidated damages in the event that Independent terminates the agreement for any reason other than non-performance. Section 4.2 defines non-performance as "the failure, neglect or refusal to perform any act stipulated under this Agreement as outlined in the Cleaning Schedule attached." The record reflects that Independent considered Misty to be non-performing under the agreement. According to Independent, changes were made to the cleaning schedule due to Misty's performance, which had resulted in dirty or unsanitary conditions. In its February 22, 2016, email, Independent communicated to Misty that its performance was unacceptable and needed to be corrected. Moreover, Independent explicitly stated in its July 6, 2016, letter to Misty that it was terminating the agreement based on Misty's "non-performance and failure to cure." Since Independent terminated the agreement due to Misty alleged non-performance, the liquidated-damages clause does not apply, and the court need not reach the question of its enforceability. Accordingly, summary judgment denied on Independent's unpleaded counterclaim for a judgment declaring that the liquidated-damages clause of the agreement is unenforceable. 
Independent seeks summary judgment on its first counterclaim for breach of contract, which is based on Misty's alleged failure to perform under the agreement. Misty disputes that it failed to perform and contends that the dirty or unsanitary conditions of which Independent complains were due to circumstances beyond its control. Accordingly, there is a triable issue of fact, and summary judgment is denied to Independent on its first counterclaim. 
Misty moves for summary judgment on its two causes of action for breach of contract and attorney's fees and for dismissal of Independent's counterclaims. 
Misty's first cause of action for breach of contract alleges that Independent breached the notice provisions of the parties' agreement. The court has already determined that Independent's February 22, 2016, email failed to comply with the notice-to-cure provision of the agreement. Accordingly, summary judgment is granted to Misty on its first cause of action for breach of contract on the issue of liability. 
Contrary to Misty's contentions, Misty is not entitled to liquidated damages. As previously discussed, § 4.3 of the parties' agreement provides that Independent will pay Misty liquidated damages in the event that Independent terminates the agreement for any reason other than non-performance. The record reflects that Independent terminated the agreement due to Misty alleged non-performance. Accordingly, the liquidated-damages provision of the parties agreement does not apply.
Alternatively, Misty contends that it is entitled to its actual damages for the remainder of the contract. Independent contends, in opposition, that Misty's damages are limited to the length of the notice period. 
The doctrine of expectation damages provides that damages should put the plaintiff in the same economic position that it would have occupied had the breaching party performed the contract (TNT USA Inc. v DHL Exp (USA), Inc., US Dist Ct, EDNY, Feb. 23, 2012, Seybert, J. [2012 WL 601452] at *7; see also, Bausch & Lomb v Bressler, 977 F2d 720, 728-729 [2nd Cir]). Courts in New York and elsewhere have recognized that, in keeping with general principles of expectation damages, when a contract permits a party to terminate upon notice and that party fails to provide the required notice, contract damages are limited to the notice period (TNT USA Inc., supra [and cases cited therein]). Any damages beyond the notice period are not compensable expectation damages because they would put the non-breaching party in a better position than it would have been had the breaching party complied with the notice provision. TNT USA Inc. v DHL Exp (USA), Inc., US Dist Ct, EDNY, Mar. 19, 2013, Seybert, J. [2013 WL 12366931] at *3 [and cases cited therein]).
Section 4.2 gave Independent the right to terminate the parties' agreement for non-performance upon 60 days' written notice: 30 days' notice to cure any defect or failure in performance and an additional 30 days' notice of termination if Misty failed to cure the defect or failure in performance. Thus, Misty's actual damages are limited to the 60-day notice period. The parties disagree on how to calculate Misty's damages. Accordingly, summary judgment is denied on the issue of damages, and summary judgment is granted to Misty on the first cause of action on the issue of liability only. 
Misty's second cause of action is for attorney's fees. Section 5.1 of the parties' agreement provides:
"In the event it becomes necessary for either party to institute suit against the other to secure or protect its rights under this Agreement, the prevailing party shall be entitled to all associated costs of the suit, including reasonable attorney's fees . . . ."

Until the court determines who is the prevailing party, any determination on the issue of [*6]attorney's fees is premature. Accordingly, summary judgment is denied to Misty on the second cause of action is for attorney's fees.
Turning to the counterclaims, the court has already denied summary judgment to Independent on the first counterclaim for breach of contract on the ground that there is a triable issue of fact. Accordingly, summary judgment is also denied to Misty on the first counterclaim.
The second counterclaim for breach of the implied covenant of good faith and fair dealing is duplicative of the first counterclaim for breach of contract. When, as here, an implied-covenant claim arises from the same facts and seeks the same damages as an express breach-of-contract claim, the implied-covenant claim fails (Lincoln Bldg. Services, Inc. v Dellwood Dev., Ltd., 54 Misc 3d 1220[A] at *10 [and cases cited therein]). Accordingly, the second counterclaim is dismissed.
The third counterclaim for unjust enrichment is also duplicative of the first counterclaim for breach of contract. A claim for unjust enrichment may not be maintained when, as here, a contract exists between the parties covering the same subject matter (Goldstein v CIBC World Markets Corp., 6 AD3d 295, 296). Accordingly, the third counterclaim is dismissed.
The fourth counterclaim is for attorney's fees. Like the second cause of action, until the court determines who is the prevailing party, any determination on the issue of attorney's fees is premature. Accordingly, summary judgment is also denied on the fourth counterclaim. 
In sum, Independent's motion for summary judgment is denied. Misty's motion is granted to the extent of awarding Misty summary judgment on the first cause of action on the issue of liability only and dismissing the second and third counterclaims. Misty's motion is otherwise denied.
Finally, the court notes that the defendant's reply memorandum of law, which was filed on October 16, 2019, was supposed to be filed simultaneously with the plaintiff's reply memorandum of law on October 11, 2019. Accordingly, insofar as the defendant's reply memorandum of law responds to arguments made in the plaintiff's reply memorandum of law, it has been disregarded by the court.
Dated: January 13, 2020
J.S.C.