Misty Cleaning Servs., Inc. v Independent Group Home Living Program, Inc. (2024 NY Slip Op 00418)

Misty Cleaning Servs., Inc. v Independent Group Home Living Program, Inc.

2024 NY Slip Op 00418

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-02326
 (Index No. 616237/16)

[*1]Misty Cleaning Services, Inc., appellant, 
v
Independent Group Home Living Program, Inc., respondent.

O'Hare Parnagian LLP, New York, NY (Robert A. O'Hare, Jr., and Michael Zarocostas of counsel), for appellant.
Egan & Golden LLP, Patchogue, NY (Christopher A. Bianco and Brian Egan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated January 13, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of damages on the cause of action alleging breach of contract and on the cause of action for an award of attorneys' fees and costs and dismissing the defendant's counterclaims alleging breach of contract and for an award of attorneys' fees and costs.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment on the cause of action for an award of attorneys' fees and costs and dismissing the defendant's counterclaims alleging breach of contract and for an award of attorneys' fees and costs, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, Misty Cleaning Services, Inc. (hereinafter Misty Cleaning), entered into an agreement with the defendant, Independent Group Home Living Program, Inc. (hereinafter IGHL). The agreement, executed in early 2016, provided that Misty Cleaning was to provide cleaning services at multiple facilities operated by IGHL. The agreement was for a five-year term.
Paragraph 4.2 of the agreement provided that "[b]efore any termination for non-performance is effective, the terminating party must give the other party written notice, as described herein, specifying in detail the nature of any defect or failure in performance." Paragraph 4.2 of the agreement further provided: "Upon the effective date of receipt of notice of non-performance, MISTY CLEANING SERVICES, INC. at its election, shall have thirty (30) days in which to cure the defect in performance to the reasonable satisfaction of Client. In the event the defect is not satisfactorily cured at the end of the thirtieth (30th) day from the effective date of such notice, the terminating party shall provide written notification as described herein, to the non-terminating party of the failure to satisfactorily cure the defect. This Agreement shall then terminate thirty (30) days from the date of the second notice."
The agreement set forth the required form of notices and provided that all notices "shall be in writing" and served by certified United States Postal Service mail or by a "recognized common parcel courier." The agreement also stated that "[a]ll other notices . . . shall be ineffective." The agreement provided for liquidated damages if IGHL terminated the agreement for any reason other than nonperformance.
On February 22, 2016, Frank Lombardi of IGHL sent an email to Joseph Lombardi of Misty Cleaning. The email cited the failure of Misty Cleaning to have emptied a trash can on a particular date. The email read, "In accordance with our agreement . . . paragraph 4.2 you can expect a 30 day notice of termination on March 1st unless ALL of the issues that have been brought to your attention have been corrected."
Several months later, on or about July 6, 2016, Frank Lombardi sent a letter to Joseph Lombardi, purporting to terminate the agreement. That letter provided, as relevant, "On February 22, 2016, Independent Group Home Living Program, Inc. ('IGHL') provided Misty Cleaning Services, Inc. ('Misty Cleaning') with written notice of its intent to terminate the Maintenance Agreement pursuant to Article 4.2 based on Misty Cleaning's non-performance. In excess of thirty (30) days has passed since this notice and Misty Cleaning has failed to cure the defects in its performance. Accordingly, this letter is notice that the Maintenance Agreement will terminate effective September 1, 2016 in light of Misty Cleaning non-performance and failure to cure."
Misty Cleaning commenced this action to recover damages for breach of contract and for an award of attorneys' fees and costs. IGHL asserted counterclaims, inter alia, to recover damages for breach of contract and for an award of attorneys' fees and costs.
Misty Cleaning moved for summary judgment on the complaint, seeking an award of liquidated or actual damages, and dismissing IGHL's counterclaims. IGHL moved for summary judgment dismissing the complaint and on its counterclaims.
By order dated January 13, 2020, the Supreme Court granted that branch of Misty Cleaning's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract. The court denied those branches of Misty Cleaning's motion which were for summary judgment on the issue of damages on the cause of action alleging breach of contract and on the cause of action for an award of attorneys' fees and costs, and dismissing the counterclaims alleging breach of contract and for an award of attorneys' fees and costs. The court denied IGHL's motion.
Misty Cleaning established its prima facie entitlement to judgment as a matter of law dismissing the counterclaim to recover damages for breach of contract, and IGHL failed to raise a triable issue of fact in opposition. Where a contract "contains a 'condition precedent-type notice provision setting forth the consequences of a failure to strictly comply,' strict compliance will be required" (Peter Scalamandre & Sons, Inc. v FC 80 Dekalb Assoc., LLC, 129 AD3d 807, 808, quoting Northgate Elec. Corp. v Barr & Barr, Inc., 61 AD3d 467, 468-469; see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20; Schindler El. Corp. v Tully Constr. Co., Inc., 139 AD3d 930, 931). "Express conditions precedent 'must be literally performed; substantial performance will not suffice,' and '[f]ailure to strictly comply with such provisions generally constitutes waiver of a claim'" (Schindler El. Corp. v Tully Constr. Co., Inc., 139 AD3d at 931, quoting Rifenburg Constr., Inc. v State of New York, 90 AD3d 1498, 1499; see Peter Scalamandre & Sons, Inc. v FC 80 Dekalb Assoc., LLC, 129 AD3d at 808-809).
Here, the parties' agreement established conditions precedent to a termination "for cause" (see C & L Elec., Inc. v City Univ. of N.Y., 169 AD3d 755, 756-757; O'Brien & Gere, Inc. of N. Am. v G.M. McCrossin, Inc., 148 AD3d 1804, 1805; Schindler El. Corp. v Tully Constr. Co., Inc., 139 AD3d at 931; Peter Scalamandre & Sons, Inc. v FC 80 Dekalb Assoc., LLC, 129 AD3d at 808-809). As IGHL's failure to comply with the condition precedent to termination for nonperformance precludes its counterclaim for alleged nonperformance, Misty Cleaning was entitled [*2]to summary judgment dismissing that counterclaim (see Paragon Restoration Group, Inc. v Cambridge Sq. Condominiums, 42 AD3d 905, 906; Kalus v Prime Care Physicians, P.C., 20 AD3d 452, 454).
Misty Cleaning did not establish its prima facie entitlement to an award of liquidated damages. A liquidated damages clause will be held enforceable if, at the time the agreement is made, "the amount of actual loss is incapable or difficult of precise estimation," and the stipulated amount of damages "bears a reasonable proportion to the probable loss" (Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 425; see RES Exhibit Servs., LLC v Genesis Vision, Inc., 155 AD3d 1515, 1519). However, if the clause provides for damages that are "plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced" (Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d at 425).
Contrary to the Supreme Court's determination, the liquidated damages clause was potentially applicable here, as IGHL did not properly terminate the agreement for "non-performance" (see Paragon Restoration Group, Inc. v Cambridge Sq. Condominiums, 42 AD3d at 906; Kalus v Prime Care Physicians, P.C., 20 AD3d at 454).
Nonetheless, Misty Cleaning did not establish, prima facie, that the liquidated damages clause was enforceable. Misty Cleaning failed to show that actual damages were not readily ascertainable or that the liquidated damages clause contained in the agreement was not disproportionate to its damages. Under these circumstances, Misty Cleaning failed to establish its prima facie entitlement to an award of liquidated damages (see Free People of PA LLC v Delshah 60 Ninth, LLC, 169 AD3d 622, 623; 555 W. John St., LLC v Westbury Jeep Chrysler Dodge, Inc., 149 AD3d 796, 798; Quaker Oats Co. v Reilly, 274 AD2d 565, 566).
Moreover, Misty Cleaning did not establish its prima facie entitlement to an award of actual damages. While the Supreme Court erred in determining that any damages award should be limited to a period of 60 days after the termination of the agreement (see generally Yang v Northwell Health, Inc., 195 AD3d 662, 665; Tendler v Bais Knesses of New Hempstead, Inc., 112 AD3d 911, 912), Misty Cleaning did not set forth a sufficient basis for its proposed calculation of actual damages, precluding summary judgment (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 838; Gosden v Elmira City School Dist., 90 AD3d 1202, 1204).
As the "prevailing party," Misty Cleaning set forth its prima facie entitlement to a contractual award of attorneys' fees and costs pursuant to the agreement (see LD Acquisition Co. 9, LLC v TSH Trade Group, LLC, 211 AD3d 928, 930; Loughlin v Meghji, 186 AD3d 1633, 1640). In opposition, IGHL failed to raise a triable issue of fact. For similar reasons, Misty Cleaning was entitled to summary judgment dismissing IGHL's counterclaim for an award of attorneys' fees and costs.
BRATHWAITE NELSON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court