Graciano Corp. v Lanmark Group, Inc. (2020 NY Slip Op 03266)





Graciano Corp. v Lanmark Group, Inc.


2020 NY Slip Op 03266


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11193 652750/14

[*1] Graciano Corporation, Plaintiff-Appellant-Respondent, 
v
Lanmark Group, Inc., et al., Defendants-Respondents-Appellants.
Lanmark Group, Inc., Third-Party Plaintiff-Respondent-Appellant,
v
Liberty Mutual Insurance Company, Third-Party Defendant-Respondent.


Marco & Sitaras, PLLC, New York (George A. Marco of counsel), for Graciano Corp., appellant-respondent and Liberty Mutual Insurance Company, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Joseph J. Cooke of counsel), for Lanmark Group, Inc. and Federal Insurance Company, respondents-appellants.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 31, 2018, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the cause of action for quantum meruit, and denied defendants' motion for partial summary judgment on its counterclaim for breach of contract, unanimously affirmed, without costs.
The court properly denied defendant Lanmark Group, Inc.'s (Lanmark) motion for summary judgment on its counterclaim for breach of contract. In this regard, the court correctly found that issues of fact exist as to whether Lanmark's issuance of Addendum No. 3 "breach[ed] . . . a fundamental obligation of the contract," relieving plaintiff from the effect of the no damages for delay clause (Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]).
The court properly dismissed the cause of action for quantum meruit. A valid and enforceable written contract governed the subject matter at issue, and, therefore, recovery in quasi-contract for events arising out of the same subject matter is precluded (see Parker Realty Group, Inc. v Petigny, 14 NY3d 864 [2010]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987] ["a quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved"]).
Defendants' reliance on a "Partial Release and Waiver of Lien" executed by plaintiff is unavailing. Although the release recites receipt of some $325,000 in consideration, defendants point to no evidence that this sum was actually paid. Hence, questions of fact exist as to whether the release is supported by consideration (see Lien Law § 34). Nor do defendants dispute that Lanmark required plaintiff to execute monthly partial waivers in consideration for progress payments. Such monthly liens and/or releases are treated "as merely a receipt for the monies referenced in the waiver" (West End Interiors v Aim Constr. & Contr. Corp., 286 AD2d 250, 252 [*2][1st Dept 2001]; see Penava Mech. Corp. v Afgo Mech. Servs., Inc., 71 AD3d 493, 495 [1st Dept 2010]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK