Saeteros v Seven Up Realty, LLC (2020 NY Slip Op 05836)





Saeteros v Seven Up Realty, LLC


2020 NY Slip Op 05836


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 23759/14E Appeal No. 12073 Case No. 2020-00791 

[*1]Luis Saeteros, Plaintiff,
v
Seven Up Realty, LLC, Defendant.
Seven Up Realty, LLC, Third-Party Plaintiff-Respondent-Appellant,
v
AJ Greenwich Contracting, Inc., Third-Party Defendant-Appellant-Respondent.


Carol R. Finocchio, New York (Marie R. Hodukavich of counsel), for appellant-respondent.
Harfenist Kraut & Perlstein LLP, Lake Success (Steven J. Harfenist of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered October 15, 2019, which, to the extent appealed and cross-appealed from, denied third-party defendant AJ Greenwich Contracting, Inc.'s motion for summary judgment to dismiss the third-party claims against it for contractual indemnification and breach of contract to procure insurance, and denied defendant/third-party plaintiff Seven Up Realty, LLC's cross motion for summary judgment on its third-party claim for contractual indemnification, unanimously modified, on the law, and AJ Greenwich's motion granted to the extent of dismissing the third-party claims against it for breach of contract for failure to procure insurance and for contractual indemnification insofar as based on a hold harmless agreement executed after plaintiff's accident, and otherwise affirmed, without costs.
Contrary to Seven Up Realty's contention, the estimate for certain work that was executed by the parties and invoices were not contract documents under the contract initially entered into with AJ Greenwich. However, while the contract required a change order or construction change directive signed by the owner and architect to modify the contract, "oral directions to perform extra work, or the general course of conduct between the parties, may modify or eliminate contract provisions requiring written authorization" (Penava Mech. Corp. v Afgo Mech Servs, Inc., 71 AD3d 493, 494 [1st Dept 2010]). Here, issues of fact exist as to whether Seven Up Realty and AJ Greenwich waived the contractual requirement that any modification to the work may only be made by change order or directive signed by the owner and architect and whether the estimate and invoices modified the scope of work under the contract to include the painting work plaintiff was performing at the time of his accident (see Miller v Larkin, 149 AD3d 1240 [3d Dept 2017]; see also Rodrigues v N&S Bldg. Contrs., Inc., 5 NY3d 427, 432-433 [2005]).
Because Seven Up Realty has abandoned its third-party claim for contractual indemnification insofar as based on a hold harmless agreement executed after plaintiff's
accident and withdrawn its third-party claim for breach of contract to procure insurance, we modify accordingly.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020