■ SCHINDLER ELEVATOR CORPORATION, Respondent, v TULLY CONSTRUCTION CO., INC., Appellant. [30 NYS3d 707]—

In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Queens County (Grays, J.), entered October 18, 2012, which denied its motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered April 8, 2014, which, upon a decision of the same court dated August 23, 2013, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $209,235.36.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In 2000, the defendant entered into a contract with the City of New York Department of Sanitation (hereinafter the City) to construct a garage (hereinafter the project). In August 2003, the defendant entered into a subcontract with the plaintiff, pursuant to which the plaintiff was to furnish and install five elevators for the project. Subsequently, in 2010, the plaintiff commenced this action against the defendant to recover dam-

ages allegedly incurred as a result of delays in the performance of the work.

After a nonjury trial, the Supreme Court found that the plaintiff was entitled to delay damages in the principal sum of $209,235.36. It rejected the defendant's contention that the plaintiff waived its claim for delay damages by failing to comply with a contractual notice requirement. We reverse.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Palombo Group v Poughkeepsie City Sch. Dist.*, 125 AD3d 620, 621 [2015] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Plato Gen. Constr. Corp. / EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y.*, 89 AD3d 819, 823 [2011]).

"Where a construction contract contains 'a condition precedent-type notice provision setting forth the consequences of a failure to strictly comply,' strict compliance will be required" (*Peter Scalamandre & Sons, Inc. v FC 80 Dekalb Assoc., LLC*, 129 AD3d 807, 808 [2015], quoting *Northgate Elec. Corp. v Barr & Barr, Inc.*, 61 AD3d 467, 468-469 [2009]; *see A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 30-31 [1998]; *Rifenburg Constr., Inc. v State of New York*, 90 AD3d 1498, 1498-1499 [2011]). Express conditions precedent "must be literally performed; substantial performance will not suffice," and "[f]ailure to strictly comply with such provisions generally constitutes waiver of a claim" (*Rifenburg Constr., Inc. v State of New York*, 90 AD3d at 1499 [internal quotation marks omitted]; *see Peter Scalamandre & Sons, Inc. v FC 80 Dekalb Assoc., LLC*, 129 AD3d at 808-809).

Here, article 11 of the primary contract between the defendant and the City, which is incorporated into the subcontract, contains such a condition-precedent type notice provision. Article 11.1.2 requires a contractor claiming to be sustaining delay damages to submit, "within forty-five (45) Days from the time such damages are first incurred, and every thirty (30) Days thereafter for as long as such damages are incurred, verified statements of the details and amounts of such damages, together with documentary evidence of such damages." Moreover, pursuant to article 11.2, a failure "to strictly comply with the requirements of Article . . . 11.1.2 shall be deemed a conclusive waiver by the Contractor of any and all claims for damages for delay arising from such condition."

The letters and emails relied upon by the Supreme Court and the plaintiff did not strictly comply with the contractual notice requirement, since they did not contain verified statements of the amount of delay damages allegedly sustained by the plaintiff and were unsupported by documentary evidence (*see Marcor Remediation, Inc. v County of Broome*, 46 AD3d 1066, 1068 [2007]; *Tug Hill Constr. v County of Broome*, 270 AD2d 755, 757 [2000]). Contrary to the plaintiff's contention, the defendant's actual knowledge of the delay and the claims did not relieve the plaintiff of its obligation to serve a proper notice of claim, and the defendant's alleged breach of the subcontract did not excuse the plaintiff from complying with the notice requirements under the circumstances of this case (*see A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d at 31; *Accadia Site Contr., Inc. v Erie County Water Auth.*, 115 AD3d 1351, 1352-1353 [2014]; *S.J. Fuel Co., Inc. v New York City Hous. Auth.*, 73 AD3d 413, 414 [2010]).

Accordingly, the Supreme Court should have found that the plaintiff failed to strictly comply with the notice requirement, and dismissed the complaint on that ground.

The plaintiff's remaining contentions have been rendered academic in light of our determination. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.