Danco Elec. Contrs., Inc. v Dormitory Auth. of the State of N.Y. (2018 NY Slip Op 03935)





Danco Elec. Contrs., Inc. v Dormitory Auth. of the State of N.Y.


2018 NY Slip Op 03935


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6764 450633/13

[*1]Danco Electrical Contractors, Inc., Plaintiff-Appellant,
v
Dormitory Authority of the State of New York, Defendant-Respondent.


Law Office of Eric M. Jaffe, Huntington (Eric M. Jaffe of counsel), for appellant.
Holland & Knight, New York (Timothy B. Froessel of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 9, 2017, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the second and third causes of action to the extent based on change order proposals 24, 46R, 54, 61, 91, 97, 99, 125, 133, 148, 152, 153, 155, 157, 159, 161, 162, 163, 167, 174, 193, 197, 199, 202, 210, 211, and 213, unanimously reversed, on the law, without costs, and the motion denied.
It is undisputed that plaintiff failed to satisfy a condition precedent to recovering disputed costs for extra work on which defendant forced price reductions. Although plaintiff gave detailed written statements contesting defendant's determinations of the fair and reasonable value of the extra work pursuant to section 8.01(B), it failed to give verified statements pursuant to section 11.03(A) of the contractual General Conditions.
Nevertheless, we conclude that plaintiff should be excused from the non-occurrence of that condition, because otherwise it would suffer a disproportionate forfeiture, and the occurrence of the condition was not a material part of the agreed exchange (see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 691 [1995], citing Restatement [Second] of Contracts § 229). Defendant does not argue that plaintiff failed to document the costs of the claimed extra work, to provide timely notice of its claims for extra work, or to provide timely notice of its objections to defendant's rejections of and price reductions on the claimed extra work. Nor does it contend other than in conclusory terms that plaintiff's failure to submit verified written statements was prejudicial to it. Moreover, the cases on which defendant relies did not consider whether the failure to strictly comply with a condition precedent should be excused to avoid a disproportionate forfeiture under the circumstances of a case such as this, where the noncompliance is de minimis and defendant has shown no prejudice whatsoever (see e.g. Mezzacappa Bros., Inc. v City of New York, 29 AD3d 494 [1st Dept 2006], lv denied 7 NY3d 712 [2006]; Schindler El. Corp. v Tully Constr. Co., Inc., 139 AD3d 930 [2d Dept 2016]).
In view of the foregoing, we do not reach plaintiff's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK