Command Components Corp. v HWJ Eng'g & Surveying, PLLC (2020 NY Slip Op 07351)





Command Components Corp. v HWJ Eng'g & Surveying, PLLC


2020 NY Slip Op 07351


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-13095
 (Index No. 604241/17)

[*1]Command Components Corporation, plaintiff, Penataquit, LLC, respondent, 
v
HWJ Engineering and Surveying, PLLC, et al., appellants, et al., defendant.


Kosakoff & Cataldo, LLP, Central Islip, NY (David B. Kosakoff and Katherine M. Weiss of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for breach of contract and professional malpractice, the defendants HWJ Engineering and Surveying, PLLC, and Hawkins Webb Jaeger, PLLC, appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 13, 2018. The order, insofar as appealed from, denied that branch of the motion of the defendants HWJ Engineering and Surveying, PLLC, Hawkins Webb Jaeger, PLLC, and Michael Russo pursuant to CPLR 3211(a) which was to dismiss the amended complaint insofar as asserted against the defendants HWJ Engineering and Surveying, PLLC, and Hawkins Webb Jaeger, PLLC.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants HWJ Engineering and Surveying, PLLC, Hawkins Webb Jaeger, PLLC, and Michael Russo which was pursuant to CPLR 3211(a)(1) to dismiss the amended complaint insofar as asserted against the appellants is granted.
The plaintiff Penataquit, LLC (hereinafter Penataguit) and the defendant HWJ Engineering and Surveying, PLLC (hereinafter HWJ), doing business as Hawkins Webb Jaeger, PLLC (hereinafter Hawkins, together with HWJ, the appellants)—treated as separate parties in this action—entered into a contract dated March 1, 2013, for architectural consulting services to Penataquit in connection with the construction of a new building on Penataquit's property. The contract provided that a condition precedent to any claim relating to professional negligent acts, errors, omissions, and/or alleged breach of contract was a "written certification" of merit "executed by an independent design professional." The plans submitted by Hawkins were never approved by the Town of Islip Department of Planning and Development. Subsequently, Penataquit commenced the instant action. HWJ, Hawkins, and the defendant Michael Russo moved to dismiss the amended complaint insofar as asserted against them pursuant to, inter alia, CPLR 3211(a)(1), arguing, among other things, that Penataquit failed to satisfy the condition precedent to suit in the parties' contract. The Supreme Court, inter alia, denied that branch of their motion which was to dismiss the amended complaint insofar as asserted against the appellants. This appeal ensued.
A condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises (see [*2]MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645). A plaintiff's failure to comply with a condition precedent to suit entitles a defendant to dismissal of the action (see e.g. Rio Algom v Sammi Steel Co., 168 AD2d 250; Schindler El. Corp. v Tully Constr. Co., Inc., 139 AD3d 930). Here, it is undisputed that Penataquit failed to comply with the explicit condition precedent to suit contained in the contract which required it to obtain a written certification of merit showing a violation of the standard of care before commencing suit.
Penataquit contended in opposition to the motion that the parties' contract was unconscionable. "In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforceable because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (King v Fox, 7 NY3d 181, 191; see Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc., 185 AD3d 752; Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1169-1170). The doctrine of unconscionability rarely applies in a commercial setting, where the parties are presumed to have equal bargaining power (see Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc., 185 AD3d 753; Jet Acceptance Corp. v Quest Mexicana S.A. de C.V., 87 AD3d 850, 856). Here, the parties were commercial entities presumed to have equal bargaining power in entering into the contract. No facts were pleaded indicating that high pressure tactics were used in entering into the contract.
Accordingly, the Supreme Court should have granted that branch of the motion of HWJ, Hawkins, and Russo which was pursuant to CPLR 3211(a)(1) to dismiss the amended complaint insofar as asserted against the appellants.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court