**Nicholas Indus. & Constr. Servs. Inc. v NASDI, LLC**

2025 NY Slip Op 30047(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 157677/2018

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   Hon. James E. d'Auguste                         PART 55

                                                *Justice*

---------------------------------------------------------------X

NICHOLAS INDUSTRIES & CONSTRUCTION SERVICES INC.,

                              Plaintiff,

                    - v -

NASDI, LLC, WESTERN SURETY COMPANY,

                        Defendants.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157677/2018 |
| MOTION DATE | 04/26/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114

were read on this motion to/for                   SUMMARY JUDGMENT                   .

In this action by plaintiff Nicholas Industries & Construction Services, Inc. ("Nicholas Industries" or "plaintiff") seeking to recover damages for breach of contract, account stated, and *quantum meruit*, as well as adjudging that plaintiff has a valid lien on the subject property – 650 Father Capadano Blvd, in Staten Island, New York – defendants NASDI LLC ("NASDI"), as principal, and Western Surety Company ("Western"), as the surety, (collectively "defendants") move, pursuant to CPLR 3212, in Motion Sequence 001 ("MS001"), for summary judgment dismissing plaintiff's complaint, voiding plaintiff's mechanic's lien as willfully exaggerated, and awarding NASDI damages under Lien Law Section 39-a (NYSCEF Doc. Nos. 1, 30). Plaintiff opposes the motion and cross-moves for denial of defendants' motion, striking defendants' answer and counterclaims and awarding plaintiff summary judgment as against defendants (NYSCEF Doc. Nos. 60, 85). For the reasons set forth below, the motion is granted in part, and denied in part, and the cross-motion is denied.

157677/2018  NICHOLAS INDUSTRIES & vs. NASDI, LLC
Motion No. 001

Page 1 of 8

[* 1]

The action arises from construction of a parking lot and related work at the Ocean Breeze athletic facility on Staten Island where NASDI contracted with City of New York ("City") in 2012 to provide sitework for Ocean Breeze. The City issued change orders to NASDI for additional work involving an additional parking area, tree removal and an expanded water retention pond in 2016. Via an October 2016 subcontract, NASDI hired subcontractor plaintiff for $2,186,000, to complete the additional work, and the subcontract provided for partial payments as the sitework progressed. NASDI claims that plaintiff abandoned its work under the subcontract in January 2017, and on January 24, 2018, NASDI delivered to plaintiff a "Notice of Default" with a "Demand to Cure," listing all the work remaining on the Ocean Breeze project, demanding that plaintiff return to the project. In an unsigned "Demand for Payment," plaintiff sought nearly $3.4 million, with a "Notice of Intent to Lien" listing various "invoices," yet, NASDI asserts that its records indicate no "invoices" were attached to the demand delivered, and NASDI has no records of receiving the invoices referred to in the demand prior to discovery in this action. Plaintiff filed a mechanic's lien, on March 8, 2018, for the amount stated in the January 30, 2018, demand - $3,388,959.76 (NYSCEF Doc. Nos. 31-37, 59). NASDI argues the lien is exaggerated and inflated, and well exceeds the remaining amount due NASDI from the project owner as of the date of the lien. NASDI, as principal, and Western, as surety, filed a lien bond for $3,727,854.64; NASDI asserts the cost to maintain the lien Bond is $186,945 to date. Additionally, NASDI claims it incurred expenses of over $400,000 to complete the subcontract work plaintiff abandoned when it retained replacement subcontractors (NYSCEF Doc. Nos. 31, 59).

NASDI asserts that plaintiff never submitted a timely notice of claim, thus, failed to satisfy a condition precedent to its claims, thereby waiving the claims as a matter of law. *Schindler Elevator Corp. V. Tully Const. Co.*, 139 A.D.3d 930 (2d Dep't 2016). NASDI also contends that it never received a written instruction or approved change order regarding additional "dirt" removal, hence, failed to

157677/2018  NICHOLAS INDUSTRIES & vs. NASDI, LLC                    Page 2 of 8
Motion No. 001

2 of 8

comply with the contractual predicate for "extra work," thereby, also waiving its alleged "dirt" claim. *Bovis Lend Lease (LMB) Inc. V. Lower Manhattan Dev. Corp.*, 108 A.D.3d 135 (1st Dep't 2013). Next, NASDI argues plaintiff's *quantum meruit* and account stated claims seek the same relief as its claim for breach of its subcontract with NASDI. Therefore, NASDI asserts such claims are unfounded as duplicative, and unavailable in avoiding contractually-mandated conditions precedent. *Metro. Bridge & Scaffolds Corp. v. New York City. Hous. Auth.*, 138 A.D.3d 423 (1st Dep't 2016). Finally, NASDI claims that plaintiff knew its mechanic's lien amount exceeded the amount NASDI expected to receive from the project with CNY, hence, knew that plaintiff never complied with the mandated claim procedure. Thus, NASDI maintains that plaintiff's mechanic's lien was "willfully exaggerated" under Lien Law Sections 39, and 39-a, and must be declared void, with damages being awarded to NASDI.

NASDI asserts that plaintiff concedes that "'strict compliance' with a 'condition precedent type notice provision'" is required to avoid waiver of a breach of a construction contract claim (NYSCEF Doc. No. 64). *See Schindler*, 139 A.D.3d at 930 ("failure to strictly comply with such provisions generally constitutes a waiver of a claim") (citation omitted). Conversely, plaintiff argues that NASDI's complaints concerning the manner in which claims and extra work were documented by plaintiff are "largely form over substance" (NYSCEF Doc. No. 64). Plaintiff contends that NASDI is misrepresenting plaintiff's deposition testimony by claiming Kevin Oreckinto, Nicholas Industries' principal, conceded that plaintiff never submitted any formal claims to NASDI, when plaintiff allegedly sent regular invoices for work performed under the subcontract, including the extras and overruns (NYSCEF Doc. No. 64). Plaintiff notes while NASDI contends that no written claims were provided, Oreckinto testified that "…I submitted an invoice for every single thing that I did including the drainage, the, the bike path, all the extras, the extra dirt" (NYSCEF Doc. Nos. 40, 64, 78).

157677/2018 NICHOLAS INDUSTRIES & vs. NASDI, LLC
Motion No. 001
Page 3 of 8

[* 3]
3 of 8

NASDI also asserts that plaintiff does not dispute its failure to comply with the subcontract's procedures to recover for "extra work," even assuming plaintiff's alleged dirt claim was an "extra." NASDI notes that the subcontract precluded "increases or decreases" in subcontract work "except upon written order of NASDI" or after an approved "change order request" (NYSCEF Doc. Nos. 34, 59, 114). Plaintiff contends that the parties' custom and practice rendered any contractual requirements involving documentation of extras or overruns void. Also, plaintiff notes NASDI's failure to reference any of the invoices or supporting documents plaintiff claims to have submitted to NASDI on a regular basis, and NASDI's purported failure to properly submit such invoices to New York City Department of Design and Construction ("DDC") for approval (NYSCEF Doc. No. 64). Conversely, NASDI argues that regardless of whether plaintiff submitted invoices, as noted, the subcontract prohibited "increases or decreases" in subcontract work absent a written order by NASDI or upon approval of a change order request. Further, NASDI maintains that while an established course of conduct may serve to modify a change order approval process, such test is stringent and plaintiff must submit admissible evidence of an "indisputable mutual departure from the written agreement," as well as any changes "clearly requested by [NASDI] and executed by [Plaintiff] (NYSCEF Doc. Nos. 34, 59, 114) *see Morelli Masons Inc. v. Peter Scalamandre & Sons Inc.*, 294 A.D.2d 113 (1st Dep't 2002) (modification of change order requirement requires "clear relinquishment of the right to rely on the contractual provisions by an indisputable departure based on a course of conduct or oral agreement"). "'Mere conclusions, expressions of hope or unsubstantiated allegations or assertions'" concerning a "past practice" involving change orders are insufficient to establish the requisite "indisputable mutual departure." *A.H.A. Gen. Const. Inc. v. New York City Hous. Auth.*, 92 N.Y.2d 20, 33 (1998) (quoting <u>Zuckerman v. City of New York</u>, 49 N.Y.2d 557, 562).

157677/2018 NICHOLAS INDUSTRIES & vs. NASDI, LLC
Motion No. 001

Page 4 of 8

[* 4]

4 of 8

NASDI further asserts that while plaintiff may seek to avoid the claim notice and extra work provisions merely by asserting claims for *quantum meruit* and account stated "in the alternative," the First Department rejected that argument in *Metro Bridge*, 138 A.D.3d 423, stating that to permit the same contract claim "to be pleaded in *quantum meruit* would undermine the notice of claim requirement." Plaintiff contends that where, as here, "there is a dispute as to the scope of work intended by the original…contract and whether plaintiff is owed money outside the scope of that agreement," pleadings in the alternative are proper. *See Henry Loheac, PC v. Children's Corner Learning Cntr.*, 51 A.D.3d 476 (1st Dep't 2008) [involving an oral contract]. However, NASDI maintains that plaintiff's *quantum meruit* claim is unavailable where a written contract, that includes a claim notice provision, "governs the subject matter of the dispute." *Tycoon Constr. Corp. v. New York City Hous. Auth.*, 213 A.D.3d 540 (1st Dep't 2023).

Similarly, NASDI asserts that plaintiff may not assert an account stated to avoid the claim notice or extra work provisions. NASDI argues that an account stated "cannot be made an instrument to create liability when none otherwise exists." *Martin H. Bauman Assocs. Inc. v. H&M Int'l Transp. Inc.*, 171 A.D.2d 479, 485 (1st Dep't 1991). Here, the Court finds that the claim for *quantum meruit* is unavailable as a written contract exists among the parties, and plaintiff has asserted a contract breach cause of action. Further, as the Appellate Division made clear in *Martin H. Bauman Assocs. Inc.*, a claim for an account stated cannot be used merely as another method at attempting to collect under a disputed contract. *Id* at 485. However, given the conflicting testimonies and evidence presented, questions of fact persist on the breach of contract claim, precluding summary judgment.

NASDI argues plaintiff's mechanic's lien must be declared void and damages awarded, under Lien Law Sections 39 and 39-a, where, as here, lienor [plaintiff herein] "has willfully exaggerated" the lien amount. NASDI notes the entire lien need not be exaggerated, instead, "where there is any willful

157677/2018 NICHOLAS INDUSTRIES & vs. NASDI, LLC
Motion No. 001

Page 5 of 8

5 of 8

exaggeration in the amount of the lien as filed, the entire lien is forfeited under section 39 of the Lien Law" and the lienor "must pay" statutory damages "even though this discrepancy may consist only in part of willfully exaggerated items, and the rest of it be due to honest mistake." *Goodman v. Del-Sa-Co Foods Inc.*, 15 N.Y.2d 191, 194 (1965). NASDI points to Oreckinto's sworn testimony laying out his reason for filing a lien after plaintiff abandoned the project – his "hope" was to "get NASDI kicked off the job," prevent NASDI from "getting paid until they bonded the lien," thus, permitting plaintiff to "come in" and "let me finish, and give me whatever money was left in the contract" (NYSCEF Doc. Nos. 40, 59, 64).

Plaintiff contends the fact the amount of the lien exceeds the amount NASDI was expected to receive from the DDC at the close of the project is irrelevant, stating it was NASDI's own mismanagement and failure to consistently bill for extras and overruns, as well as inaccuracy of the bills they did manage to submit that led to the subject situation. Plaintiff further argues that it was the DDC that instructed plaintiff to place a mechanic's lien on the project to protect itself. Plaintiff asserts once it became clear that no further payments would be forthcoming as NASDI was allegedly allocating monies that should have been paid to plaintiff to NASDI's other jobs, plaintiff walked off the job (NYSCEF Doc. Nos. 40, 64).

The Court agrees with NASDI in noting the unlikelihood that DDC allegedly advised plaintiff to "place a mechanic's lien" on the City's own project to "protect itself." No evidence has been proffered of any such conversations in the excerpts of deposition transcripts submitted, and in fact, DDC's senior construction project manager, Joseph Truglio, testified that any communications would be with NASDI only, and not the subcontractors (NYSCEF Doc. No. 77). The Court further agrees that a lienor's right to recover is limited by principles of subrogation, and consistent with Lien Law Section 4(1), "no individual mechanic's lien can exceed the total amount owed by the owner to the general contractor at

157677/2018 NICHOLAS INDUSTRIES & vs. NASDI, LLC Page 6 of 8
Motion No. 001

the time of the filing of the notice of lien." *C.C.C. Renovations Inc. v. Victoria Towers Dev. Corp.*, 168 A.D.3d 664, 666 (2d Dep't 2019). As such, plaintiff was prohibited from filing the willfully exaggerated lien, and plaintiff's lien should be declared void and damages should be awarded.

Moving to plaintiff's cross-motion which seeks denial of NASDI's motion for summary judgment, while awarding plaintiff summary judgment against NASDI, plaintiff asserts it was informed by DDC that NASDI had not been properly billing and submitting change orders for the extras and overruns to which plaintiff claims it was entitled to payment. Plaintiff further contends that at a meeting with Truglio, DDC offered to enter into an agreement, which required NASDI's consent, for DDC to make direct payments to plaintiff, and plaintiff would be permitted to bill directly to DDC, rather than NASDI. Yet, NASDI refused to consent.

Plaintiff contends that it was NASDI that breached both the subcontract with plaintiff, as well as the prime contract with DDC, by failing to properly turn over to plaintiff monies held in trust on their behalf. As evidence, plaintiff points to the fact that DDC began withholding payments to NASDI until it received assurances that subcontractors were being paid properly, noting, DDC allegedly discovered that NASDI was taking money intended for the Ocean Breeze project and using it to cover costs on its other jobs. The prime contract between DDC and NASDI required NASDI to promptly remit payment to any subcontractors once monies were received from DDC (NYSCEF Doc. No. 88).

As discussed *supra*, the Court finds that plaintiff's claim for *quantum meruit* is unavailable as a written contract exists among the parties, and plaintiff has asserted a contract breach cause of action. Additionally, as the First Department made clear, a claim for an account stated cannot be used merely as another method at attempting to collect under a disputed contract. *Martin H. Bauman Assocs. Inc. v. H&M Int'l Transp. Inc.*, 171 A.D.2d 479, 485 (1st Dep't 1991). Therefore, the Court is granting

157677/2018  NICHOLAS INDUSTRIES & vs. NASDI, LLC                          Page 7 of 8
Motion No. 001

7 of 8

summary judgment to defendant as to the *quantum meruit* and account stated causes of action, dismissing those claims.

However, as also stated *supra*, given the conflicting testimonies and evidence presented, questions of fact persist on the breach of contract cause of action, and what monies, if any, are due and owing to plaintiff under the parties' contract, precluding summary judgment.

The Court has considered the parties remaining contentions and finds them unavailing.

Accordingly, it is,

ORDERED, that defendant's motion for summary judgment dismissing plaintiff's complaint is granted as to the *quantum meruit* and account stated causes of action, and is otherwise denied; and it is further,

ORDERED that plaintiff's mechanic's lien is voided as willfully exaggerated; and it is further,

ORDERED that plaintiff's cross-motion is denied.

This constitutes the decision and order of the Court.

<u>1/7/2025</u>
DATE

James d'Auguste, J.S.C.

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

157677/2018 NICHOLAS INDUSTRIES & vs. NASDI, LLC
Motion No. 001

[* 8]